UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERMAIN JEAN,

       Petitioner,

v.                                  Case No:   2:14-cv-276-FtM-38CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____/

### OPINION AND ORDER[2]

This matter comes before the Court upon a *pro se* petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Germain Jean ("Petitioner") (Doc. 1, filed May 19, 2014).   Petitioner, a prisoner of the Florida Department of Corrections, attacks the convictions entered by the Twentieth Judicial Circuit Court in and for Collier County, Florida for two counts of capital sexual battery against a child less than twelve years old

---

[1]   When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (citations omitted).   In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2]   Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(Doc. 1 at 1).   Respondent filed a response to the petition (Doc. 14).   Petitioner filed a reply (Doc. 23), and the petition is now ripe for review.

Petitioner raises six claims in his petition.   Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed as unexhausted or denied.   Because the petition may be resolved on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.     Background and Procedural History[3]

On April 13, 2005, the state of Florida charged Petitioner with three counts of sexual battery on a child less than twelve years of age, in violation of Florida Statute § 794.011(2) (Ex. 1 at 15-16).[4]   Petitioner's first trial that ended in a mistrial after a state witness commented on Petitioner's right to remain silent (Ex. 1 at 45-49).   Thereafter, the state amended the information to reflect only two counts of capital sexual battery and to change the dates of the alleged offenses (Ex. 1 at 50a-50b).

After a second trial, the jury found Petitioner guilty as charged (Ex. 1 at 67-68). Petitioner received two life sentences (Ex. 1 at 75-106).   Florida's Second District Court of Appeal affirmed the judgments and sentences without a written opinion (Ex. 4); *Jean v. State*, 967 So. 2d 207 (Fla. 2d DCA 2007).

---

[3] Unless otherwise indicated, citations to exhibits are to those filed by Respondent on February 26, 2017 (Ex. 17).   References to the trial transcript, located in Exhibit 1(B) will be cited as (T. at __).

[4] The charges stem from accusations made by the victim that Petitioner sexually molested her in 1995 or 1996 while he was staying at her home.

On February 14, 2006, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 6 at 1-20).   Petitioner filed an amended Rule 3.850 motion on July 15, 2009 (Ex. 6a at 296-336).   On September 27, 2010, an evidentiary hearing was held on ground five of the Rule 3.850 motion (Ex. 6a).   Thereafter, the post-conviction court denied all claims raised in the Rule 3.850 motions (Ex. 6a at 351-55).   Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 10); *Jean v. State*, 124 So. 3d 237 (Fla. 2d DCA 2013).

Petitioner signed the instant Petition on May 16, 2014 (Doc. 1).

## II.   Governing Legal Principles

### a.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).   Notably, a state court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

*Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th

Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).   The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).   Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles*, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*)*; *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

### b.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).   A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.*   This

is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89.   In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."   *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.   That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### c.    Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from

granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor

external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted).   To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]"   *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   Actual innocence means factual innocence, not legal insufficiency.   *Bousley v. United States,* 523 U.S. 614, 623 (1998).   To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III.   Analysis

Petitioner raises six claims of ineffective assistance of counsel in his petition.   He asserts that defense counsel ("Counsel") was ineffective for failing to: (1) adequately investigate or subpoena the custodian of Budget Inn and the victim's father to testify at trial; (2) object to the prosecutor's amended information; (3) call defense witness Renol Jean to testify; (4) object to the translator's inadequate translation; (5) challenge Juror Perry Sheppard; and (6) file a motion for a judgment of acquittal and a new trial (Doc. 1 at 5-12).   Each claim will be addressed separately.

### a.   Claim One

Petitioner urges that Counsel was ineffective for failing to investigate and subpoena the custodian of Budget Inn and the victim's ("E.L.'s") father to testify at his trial (Doc. 1 at 5).   He asserts that E.L.'s father would have testified that: Petitioner was not living with E.L. at the time of the alleged offense; he had used his credit card to pay for Petitioner's room at the Budget Inn; and E.L.'s mother never told him about E.L.'s molestation as she had testified at trial. *Id.*   He asserts that the custodian would have "provided further support that Petitioner was not living at the residence at the time the alleged offense occurred." *Id.*   Petitioner raised this claim in his first Rule 3.850 motion (Ex. 6 at 9).   The claim was stricken by the post-conviction court as facially insufficient, but Petitioner was provided leave to amend the claim, which he did not timely do (Ex. 6a ta 353).   Accordingly, the claim was denied as abandoned. *Id.*   Florida's Second District Court of Appeal affirmed (Ex. 10).

Respondent argues that Claim One is unexhausted and procedurally barred because Petitioner did not timely amend his Rule 3.850 motion (Doc. 14 at 13-14). Petitioner urges that any failure to exhaust this claim is excused by the United States Supreme Court's decision in *Martinez v. Ryan.*[5] (Doc. 23 at 2-7).   Upon review of the

---

[5]   In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.   Under *Martinez*, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that it has "some merit" before the procedural default can be excused.   *Martinez*, 132 S. Ct. at 1318-19.

record, the Court finds that Claim One is unexhausted because it is not "substantial" and does not fall within *Martinez*' equitable exception to the procedural bar since Petitioner does not demonstrate *Strickland* prejudice.

Petitioner asserts that, had Counsel called E.L.'s father and the unnamed custodian of Budget Inn to testify at trial, they would have testified that Petitioner did not live with E.L.'s family during the time the crimes were alleged to have occurred and that E.L.'s mother fabricated the story of sexual abuse because she did not like Petitioner (Doc. 1 at 5).   However, he has not provided any evidence to the Court in support of his assertions.[6]   He has not produced a sworn statement of these witnesses' putative testimony or even asserted that they would have been available to testify.   Consequently, the claim is too speculative to warrant relief. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful.   This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)); *see also United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony or by the witness by affidavit.   A defendant cannot simply state that the

---

[6] To the extent Petitioner now urges that it was Counsel's job to investigate and find the evidence that is now missing (Doc. 23 at 7), he misunderstands his burden on federal habeas corpus review.   In a § 2254 petition, the burden of proof is on the habeas petitioner "to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted); *see also Smith v. Wainwright*, 777 F.2d 609, 616 (11th Cir. 1985) (holding that a general allegation of ineffective assistance of counsel is insufficient; a petition must allege specific errors in counsel's performance and <u>facts</u> showing prejudice).

testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").

Because Petitioner has not demonstrated *Strickland* prejudice, Claim One is not "substantial" so as to excuse his failure to exhaust it in state court. *Martinez*, 132 S. Ct. at 1318-20.   Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim.   Accordingly, Claim One is dismissed as unexhausted.

### b.    Claim Two

Petitioner asserts that Counsel was ineffective for failing to object to the state's amended information which changed the dates of the alleged offenses (Doc. 1 at 6).   He sets forth Claim Two as follows:

> On March 18, 2005, Petitioner was arrested and initially charged with three counts of capital sexual battery against a child less than twelve years of age, which allegedly occurred between January 1, 1996 and January 1, 1997.   Petitioner pled not guilty and demanded a jury trial.   Petitioner's first trial ended in mistrial.[]   Prior to Petitioner's second trial however, the prosecution filed an amended information charging Petitioner with two counts of capital sexual battery against a child less than twelve years of age and changed the dates of the alleged offense to have occurred between January 1, 1995 and December 31, 1996.   At Petitioner's second trial, Petitioner was compelled to abandon the alibi portion of his defense by the prosecution's amended information.   Further, Petitioner only lived at the alleged victim's residence from November 1995 to May 22, 1996 and from May 22 to May 29, 1996, Petitioner stayed at the Budget Inn Hotel.   Ultimately, Petitioner moved to Bradenton, Florida where he had established his permanent residence until the day of his arrest.

*Id.* at 7.   Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court denied it because "the amendment to the information could not have affected the outcome of the trial." (Ex. 6a at 353).   The post-conviction court noted that Petitioner's

defense was that he never had sexual relations with E.L. and that Counsel was not ineffective for failing to make a meritless objection. *Id.*   Florida's Second District Court of Appeal affirmed (Ex. 10).   A review of the record and applicable law supports the state courts' rejection of Claim Two.

Rule 3.140(j) of the Florida Rules of Criminal Procedure provides that an information may be amended at any time before trial due to formal defects. *See, e.g., Johnson v. State*, 433 So. 2d 648 (Fla. 2d DCA 1983).   The State may also substantively amend an information during trial, even over the defendant's objection, unless there is a showing of prejudice to the substantive rights of the defendant. *State v. Anderson*, 537 So. 2d 1373 (Fla. 1989); *Lackos v. State*, 339 So. 2d 217 (Fla. 1976); *Rosser v. State*, 658 So. 2d 175 (Fla. 3d DCA 1995) (state could amend affidavit to reflect correct date that defendant was placed on probationary status); *Young v. State*, 632 So. 2d 245 (Fla. 3d DCA 1994).

In the instant case, Counsel and Petitioner were on notice of the change in the dates alleged in the information a week before trial.   Petitioner has not shown that no reasonable competent attorney would have decided against objecting to the amended information, given that Rule 3.140(j) expressly allows the prosecution to amend an information, even during trial. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues that clearly lack merit). Accordingly, Petitioner has not satisfied *Strickland*'s performance prong.

Moreover, Petitioner has not demonstrated *Strickland* prejudice from the amendment.   Although Petitioner now argues that the amended information interfered with his planned alibi defense, he does not explain how an objection by Counsel would

have aided him with that defense.   Under Florida law, the trial court would not have stricken the amended information or required the state to proceed under the original information, even had Counsel objected.   At most, Petitioner would have received an extension of time to prepare for trial, and he does not now urge that such an extension was necessary.   See *Davis v. State*, 740 So. 2d 96 (Fla. 1st DCA 1999) (finding that the trial court erred by requiring a defendant to proceed to trial on information amended by the prosecutor on the morning of trial without affording him additional time to prepare); *Tingley v. State*, 549 So. 2d 649, 650 (Fla. 1989) (recognizing that "time" is not generally considered a substantive part of the charging document, and "as long as a defendant is neither surprised nor hampered in preparing his defense, there can be a variance between the dates proved at trial and those alleged in an indictment or information").

Given that Petitioner has demonstrated neither deficient performance nor resulting prejudice from Counsel's failure to object to the amended information, the state courts' rejection of Claim Two was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts.   Accordingly, Claim Two is denied pursuant to 28 U.S.C. § 2254(d).

### c.    Claim Three

Petitioner asserts that Counsel was ineffective for failing to call Renol Jean to testify at Petitioner's trial (Doc. 1 at 8).   Petitioner asserts that Renol Jean had a conversation with E.L.'s mother who "expressed her hatred for Petitioner and vowed to do anything to put [him] away." *Id.*   Specifically, when Petitioner raised this claim in his amended Rule 3.850 motion, he asserted that in June of 1995 (six years before E.L. came forward with her accusations), E.L.'s mother told several people that "I hate Jean Germain

so much, if he didn't moved out from my house, I would do my best with everything I know to lie on him, accused him just to put him away or I would have killed myself; he is lucky, but I'm still pursuing him until the end." (Ex. 6a at 299).   Petitioner asserts that he told Counsel about this witness and the information he could provide; he also asserts that Renol Jean contacted Counsel's office, but Counsel never asked him to testify.[7]   *Id.*   The post-conviction court denied this claim on both prongs of *Strickland*, noting that "the substance of the witness' testimony would have been inadmissible hearsay." (Ex. 6a at 354-55).   Florida's Second District Court of Appeal affirmed (Ex. 10).   A review of the record and applicable law supports the state courts' rejection of Claim Three.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fla. Stat. § 90.801(1)(c) (internal quotation marks omitted).   Hearsay is inadmissible except as provided by statute. Fla. Stat. § 90.802.   In determining whether a prior out-of-court statement is hearsay, it does not matter that a person has testified as a witness during the trial. *Carter v. State*, 951 So. 2d 939, 944 (Fla. 4th DCA 2007) ("Hearsay includes an out-of-court statement of a witness who testifies at trial, as well as an out-of-court statement by someone who is not a witness on the stand testifying to the statement.").

In the instant case, Petitioner faults Counsel for not offering the statement of E.L.'s mother to prove that she hated Petitioner, would "lie on him," and would pursue him "to the end."   In short, Petitioner wished to offer the out-of-court statement of E.L.'s mother for the truth of the matter asserted in her statement.   Accordingly, reasonable competent

---

[7] Petitioner did not allege in his amended Rule 3.850 motion that Jean Renal contacted Counsel.

counsel could have concluded that the proposed testimony from Renol Jean was hearsay, and absent an exception to the hearsay rule, which Petitioner does not advance, the statement was inadmissible.   Moreover, a statement from E.L.'s mother expressing her extreme dislike for Petitioner and asserting that she would rather kill herself than live in the same house with him did not reflect positively on Petitioner.[8]   In short, given the potential that Renol Jean's testimony could actually harm the defense case, reasonable competent counsel could have decided against calling him as a witness, even if the mother's statement was admissible. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the habeas court] will seldom, if ever, second guess.").

Finally, Petitioner cannot demonstrate *Strickland* prejudice from Counsel's failure to offer Renol Jean's testimony.   First, as discussed in Claim One, Petitioner has not produced a sworn statement of Renol Jean's putative testimony.   Consequently, the claim is too speculative to warrant habeas relief. *See* discussion *supra* Claim One.   Next, the post-conviction court—and by its affirmance, the appellate court—already told us how this issue would have been resolved had Counsel offered Renol Jean's testimony.   The mother's out-of-court statement would have been rejected as inadmissible hearsay.   It is "a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.' " *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) (quoting *Agan v. Vaughn*, 119 F.3d 1538,

---

[8] In her deposition, E.L.'s mother said that Petitioner was bossy, arrogant, critical, and was involved in Haiti's Duvalier regime in Haiti prior to coming to the United States (Ex. 6A at 323).

1549 (11th Cir. 1997)).   Petitioner has not demonstrated *Strickland* prejudice from Counsel's failure to call Renol Jean as a witness.

Because Petitioner demonstrates neither deficient performance nor resulting prejudice from Counsel's failure to call this witness, the state courts' rejection of Claim Three was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts.

### d.    Claim Four

Petitioner asserts that, prior to his second trial, "it was determined that an interpreter was required." (Doc. 1 at 9).   Petitioner asserts that an interpreter was provided, but the trial court failed to swear her in. *Id.*   Petitioner also asserts that he "told counsel on several occasions that he did not understand the proceedings due to the interpreter's lack of interpretation," but that Counsel did not "correct that deficiency." *Id.*

Petitioner raised this claim in his Rule 3.850 motion, but it was determined to be procedurally barred by the post-conviction court because "[c]laims involving the absence of an interpreter at trial could be and should be raised on direct appeal; they are not appropriately raised in a rule 3.850 proceeding." (Ex. 6a at 354).   Florida's Second District Court of appeal affirmed (Ex. 10).   Respondent now asserts that this claim is procedurally barred because of the state courts' determination that it should have been raised on direct appeal (Doc. 14 at 28) (citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) (rejecting contention that court could make an independent review of whether state had correctly applied its procedural default law)).

Petitioner argues that, even if Claim Four is procedurally barred, *Martinez v. Ryan* operates to excuse the default (Doc. 23 at 20).   However, Petitioner demonstrates

neither deficient performance nor *Strickland* prejudice from Counsel's alleged failure to ensure that he had an adequate translator at his second trial.   Notably, despite asserting that he "did not understand the proceedings due to the interpreter's lack of interpretation," Petitioner fails to point to a single part of the trial or other proceeding he feels he did not understand.   Nor does Petitioner urge that anything was translated incorrectly or that the outcome of the proceedings would have differed had Petitioner been given a different translator.

Prior to voir dire, Counsel told the Court that "[Petitioner] does have a good comprehension of English, but he prefers an interpreter." (T. at 4, 9).   Despite Petitioner's ability to understand English, the trial court immediately ordered that an interpreter be brought to the courtroom. *Id.*   The interpreter was sworn before Petitioner testified (T. at 176).   During Petitioner's testimony, he answered every question appropriately, and twice asked the interpreter to rephrase a question. *Id.* at 203, 214.   Although Petitioner now urges that he told Counsel he did not understand the proceedings, nothing in the record shows that Petitioner mentioned his confusion to the trial court or demonstrates that Petitioner was confused.   Because he failed to complain about the quality of the translation during his trial, Petitioner's instant claim of *Strickland* prejudice is not credible. *See Alvarez v. United States*, No. 8:04-cr-335-T-17MSS, 2008 WL 619314, at *8 (M.D. Fla. Mar. 4, 2008) ("The record clearly demonstrates that Alvarez understood the proceedings, communicated with his counsel without impairment, and an interpreter did assist during the proceedings rendering this claim without merit. Consequently, Alvarez fails to show prejudice under *Strickland* and this claim has no merit.").   Petitioner has not

met his burden under *Strickland* to show prejudice from Counsel's failure to ensure that Petitioner was provided an adequate translator.

Claim Four is not "substantial" so as to excuse Petitioner's failure to exhaust it in state court. *Martinez*, 132 S. Ct. at 1318-20. Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim. Accordingly, the claim is dismissed as unexhausted. Alternatively, Claim Four is denied on the merits because Petitioner fails to demonstrate *Strickland* prejudice. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### e.     Claim Five

Petitioner asserts that Counsel was ineffective for failing to challenge the empanelment of Juror Perry Shepard (Doc. 1 at 11). As grounds, Petitioner points to a portion of the *voir dire* in which Counsel questioned the jurors about their understanding of the presumption of innocence. Mr. Shepard responded to Counsel's questions:

> Q.    Okay.    Let me ask, when you all walked in this morning and you looked around the courtroom, how many of you looked at me and said, I wonder what he did?  How many of you had that thought when you walked in the door?
>
>                   (No response.)
>
> Q.    Nobody?   Mr. Shepard.
>
> A.    Yes.
>
> Q.    All right.  Do you understand that Mr. Jean is presumed innocent as he sits here now?
>
> A.    Oh, yeah.

Q.     Okay.   Do you really believe that –

A.     Oh, no, no, no.   That's the law.

Q.     All right.

A.     I understand somewhat of the law.

Q.     Okay.   Well—

A.     But I am here for a reason.   For something that's going on.   Was I wondering that walking through the door?   Yeah.

(T. at 91-92).   Petitioner urges that this passage demonstrates that it was error for Counsel to allow Juror Shepard to serve on the jury (Doc. 1 at 11).   Petitioner concedes that he did not exhaust Claim Five in state court, but urges that *Martinez v. Ryan* excuses his failure to do so.   *Id.* at 11.   Upon review of the record, the Court finds that this claim is unexhausted because it is not "substantial" and does not fall within *Martinez*' equitable exception to the procedural bar.

The Sixth Amendment guarantees the accused a trial by an impartial jury in federal criminal prosecutions. U.S. Const. amend VI.   Because "trial by jury in criminal cases is fundamental to the American scheme of justice," the Due Process Clause of the Fourteenth Amendment guarantees the same right to the accused in state criminal prosecutions. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968).   As with federal law, the test for determining juror competency in the Florida courts is "whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." *Lusk v. State*, 446 So.2d 1038, 1041 (Fla. 1984).

Petitioner has not satisfied *Strickland*'s performance prong because nothing in the record suggests that no reasonable competent attorney would have decided against

striking Juror Shepard from the jury panel. Shepard said that he would follow the law as explained by the trial judge and that the state had to prove the elements of the charges beyond a reasonable doubt (T. at 82-83). He said that, if the state could not prove each element beyond a reasonable doubt, he would return a not-guilty verdict. *Id.* at 83. Counsel did not merely agree to Shepard's empanelment without considering his statements during voir dire; to the contrary, when it came time to select an alternate juror, Counsel specifically stated, "I like Mr. Shepard." *Id.* at 102.[9]

The Eleventh Circuit has cautioned that courts applying *Strickland* must "defer to trial counsel's performance and eschew the distorting effects of hindsight" when interpreting a prospective juror's statements and trial counsel's decision whether to leave that person on the jury. *Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1247 (11th Cir. 2011) (internal quotation omitted); *see also Babb v. Crosby*, 197 F. App'x 885, 887 (11th Cir. 2006) ("the Supreme Court has not concluded that a lawyer who leaves an arguably biased juror on a jury is *per se* ineffective"). Moreover, "[a]ssessing jurors during voir dire also requires an evaluation of demeanor and credibility. Review of counsel's performance is highly deferential in any case, but the case for deference is even greater when counsel is evaluating credibility." *Bell v. United States*, 351 F. App'x 357, 360 (11th Cir. 2009) (internal citation omitted). Under these standards, reasonable competent counsel could have determined that Juror Shepard understood that the state bears the burden of proof at a criminal trial, and that he should remain on the jury.

---

[9] Although initially selected as an alternate juror, Shepard served on the jury after Juror Partridge was excused (Doc. 1 at 11).

Likewise, because empaneled jurors are presumed impartial, to satisfy *Strickland*'s prejudice prong, Petitioner must show that Juror Shepard was actually biased against him. *Smith v. Phillips*, 455 U.S. 209, 215 (1982); *Rogers v. McMullen*, 673 F.2d 1185, 1189 (11th Cir. 1982) (defendant's Sixth Amendment right to a fair and impartial jury was not violated absent a showing that a jury member hearing the case was actually biased against him). During the jury charge, the trial court instructed the jury:

> The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. Presumption stays with the defendant as to each material allegation in the charges against him through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
>
> Now, to overcome the defendant's presumption of innocence, the state has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crimes. The defendant is not required to present or prove anything.

(T. at 217). A jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 226 (2000). Accordingly, it is presumed that Petitioner's jury, including Juror Shepard, concluded that the state proved each element of the crimes with which Petitioner was charged beyond a reasonable doubt.

Petitioner presents no evidence that Shepard, or any other juror, was actually biased; nor has he overcome the presumption that Shepard followed the jury instructions. Therefore, he has satisfied neither prong of the *Strickland* ineffectiveness test, and Claim Five is not "substantial" so as to excuse Petitioner's failure to exhaust it in state court. *Martinez*, 132 S. Ct. at 1318-20. Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim. Accordingly, Claim Five is dismissed as unexhausted.

**f.      Claim Six**

Petitioner asserts that Counsel was ineffective for failing to file a motion for a judgment of acquittal and a motion for a new trial based on the weight of the evidence (Doc. 1 at 12).   Respondent urges that this claim is unexhausted because Petitioner initially raised it only as a claim of trial court error in state court—not ineffective assistance of counsel (Doc. 38-41).   Petitioner counters that he did, indeed, raise this as an ineffective assistance claim in state court; however, the caption of this ground in his state-court pleadings "misleadingly alleged trial court error." (Doc. 23 at 27).   Petitioner further asserts that, even if this claim is unexhausted, *Martinez v. Ryan* allows him to raise claims of ineffective assistance for the first time on habeas corpus review.  *Id.* at 28.   Upon review of the record, the Court concludes that, even if Petitioner's ineffective assistance claim were exhausted, it must be denied for lack of merit.  *See* 28 U.S.C. § 2254(b)(2). Alternatively, Claim Six is dismissed as unexhausted because Petitioner has not demonstrated that it is substantial under *Martinez*.

Notably, contrary to Petitioner's instant averment, Counsel filed a motion for a new trial in which he asserted that no physical or testimonial evidence supported E.L.'s testimony (Ex. 1 at 107-109).   In the motion, Counsel argued that the case was "a swearing match between the victim, who waited five years before ever reporting the alleged assaults, and the Defendant, who denied the allegations altogether."  *Id.* at 108. Counsel argued that "[t]he verdict was contrary to law, and against the weight of the evidence."  *Id.* at 109 (citing Fla. R. Crim. P. 3.600(a)(2)).   However, the motion was denied.  *Id.* at 110.   Accordingly, Petitioner cannot demonstrate deficient performance from Counsel's failure to file a motion for a new trial because Counsel did, in fact, do so.

Petitioner's argument that Counsel was ineffective for failing to move for a judgment of acquittal after the close of the state's case fares no better.   Under Florida law, a motion for a judgment of acquittal is designed to challenge the legal sufficiency of the state's evidence. *State v. Williams*, 742 So. 2d 509, 510 (Fla. 1st DCA 1999).   In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the fact-finder might fairly infer from the evidence. *Williams*, 742 So.2d at 510 (citing *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)).   If the state presents competent evidence to establish each element of the crime, a motion for a judgment of acquittal should be denied. *Id.* at 510. In other words, a trial court may not grant the motion for a judgment of acquittal unless the evidence, when viewed in a light most favorable to the state, fails to establish a prima facie case of guilt. *Id.*

To prove Petitioner guilty of capital sexual battery under § 794.011(2), the state had to offer evidence showing that E.L. was less than twelve years of age when the crime occurred and that Petitioner "committed an act upon [E.L.] in which the sexual organ of [Petitioner] had union with the vagina of [E.L.]." (Ex. 1 at 53).   E.L. testified that on two separate occasions, when she was five or six years old,[10] Petitioner woke her as they slept next to each other on the floor (T. at 148).   Petitioner removed E.L.'s pajamas and panties and laid her on top of his naked body. *Id.*   Petitioner's penis touched E.L.'s vagina, and his penis was hard. *Id.* at 149.   After some time, Petitioner removed E.L. and ejaculated. *Id.*

---

[10] E.L. was sixteen years old at the time of Petitioner's trial (T. at 116).

Given E.L.'s testimony, evidence was presented that E.L. was under the age of twelve at the time of the alleged crime, and that Petitioner's penis had contact with her vagina.   Therefore, reasonable competent counsel could have decided against moving for a judgment of acquittal because, when viewing the evidence in the light most favorable to the state, the state proved a prima facie case of capital sexual battery.   Moreover, had Counsel made such a motion, it would have been denied.   Accordingly, Petitioner has demonstrated neither deficient performance nor resulting prejudice from Counsel's failure to move for a judgment of acquittal.

Claim Six is not "substantial" so as to excuse Petitioner's failure to exhaust it in state court. *Martinez*, 132 S. Ct. at 1318-20.   Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim.   Alternatively, the claim is denied on the merits. 28 U.S.C. § 2254(b)(2).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    Certificate of Appealability[11]

Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability ("COA").   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

---

[11]  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Florida Attorney General is **DISMISSED** as a named Respondent.

2.     The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Germain Jean is **DENIED**, and this case is dismissed with prejudice.

3.     Petitioner is **DENIED** a certificate of appealability.

4.     The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of March, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Germain Jean
Counsel of Record

- 25 -